AGUSTÍN E. FONT, Plaintiff and Appellee, *v.* PEDRO ANTONIO ECHEANDÍA FONT, Defendant and Appellant.

No. 9367. Argued January 16, 1947.—Decided April 22, 1947.

*Pedro E. Anglade* for appellant. *Héctor Reichard* and *Amador Ramírez Silva* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

The defendant-appellant, relying on the provisions of the Reasonable Rents Act, approved April 25, 1946, has moved that the unlawful detainer proceeding instituted by the plaintiff, wherein an appeal is pending in this Court, be stayed until the termination of the emergency declared by said Act.

The motion alleges that the plaintiff Agustín E. Font brought, in the District Court of Aguadilla, an action of unlawful detainer to recover possession of a motion-picture building leased to the defendant-appellant for a monthly rent of $140, the action being based on the termination of the lease by the plaintiff on October 31, 1945; that the building involved in the action is used for commercial purposes, that is, as a theater for motion-picture shows; that the lower court has rendered judgment for the plaintiff; and that the defendant has appealed to this Court.

Section 4 of the Reasonable Rents Act provides that the provisions of that Act shall be applied, among other classes of rental properties, to "(a) Buildings and premises for businesses and for commercial and industrial purposes, and lots whereon are located such premises and buildings, if the latter belong to a different owner."[1] Section 12 of the same Act, in its pertinent part, reads thus:

---

[1] The words "if the latter belong to a different owner" were inadvertently omitted from the English text of the quoted Section.

"Section 12.—*As long as the tenant pays the basic rent* fixed by the Administrator, as the case may be, *the landlord cannot establish an action of unlawful detainer* to recover the possession of a dwelling . . . ., *or of a house or building used for businesses,* professional offices, *or commercial* or industrial *purposes, even if the term of the contract has expired.* For the purpose of this section, the lease shall be understood to be renewed for the terms stipulated by Section 1471 of the Civil Code during the existence of the emergency to which this Act refers.

"**\***     \*     \*     \*     \*     \*     \*

"An action of unlawful detainer against tenants may be commenced only in the following cases:

"(*a*) When the tenant fails to pay, according to the terms agreed upon, the basic rent or the reasonable rent fixed by the Administrator, as the case may be, for one or more than one month;

"**\***     \*     \*     \*     \*     \*     \*

"On and after the effective date of this Act, *every unlawful detainer proceeding which does not conform to the motives, conditions, and terms fixed in this Act, shall be stayed until the termination of the emergency herein declared.*" (Italics ours.)

Section 27 provides that the Act, being of an urgent and necessary character, shall take effect immediately after its approval, "*Provided, however,* That the provisions of this Act as regards each of the classes of rental properties enumerated in Section 4 hereof shall take effect when so declared by the Executive Council of Puerto Rico through resolution to that effect."

On July 16, 1946, the Executive Council of Puerto Rico adopted a resolution providing that on and after 12:01 a.m. of July 17, 1946, the provisions of the Reasonable Rents Act relating to the rental properties covered by subdivision (*a*) of § 4 of the Act, that is, "buildings and premises for businesses and for commercial and industrial purposes," would become effective.

The carrying on or operation of a theater for the exhibition of motion-picture films to the public for pay is undoubtedly a business, and any building or place used for the operation of

said business is included within the provisions of subdivision (a) of § 4 of the Reasonable Rents Act, *supra*.

██ The defendant-appellant in his motion alleges that he has continued to deposit the monthly rent instalments, as they become due, in the office of the Clerk of the Municipal Court of San Sebastián, in accordance with the provisions of § 18 of the Reasonable Rents Act. This allegation has not been controverted by the plaintiff-appellee.

The provisions of § 12, *supra,* are clear and definite. As long as the tenant of a house or building used for business pays the agreed monthly rent, the landlord cannot bring an action of unlawful detainer, "even if the term of the contract has expired"; and every unlawful detainer proceeding which was pending at the time of the taking effect of the Act shall be stayed until the termination of the emergency.

Since the proceeding instituted by the plaintiff is still pending, and since said proceeding is not comprised within any of the exceptions set forth in § 12 of the Reasonable Rents Act, the motion to stay the proceeding until the termination of the emergency declared by the Act must be sustained. It will be so ordered.

